PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MATT HOUSTON REID, | ) |
|     Plaintiff, | ) CASE NO. 4:19-CV-2792 |
| v. | ) JUDGE BENITA Y. PEARSON |
| YOUNGSTOWN POLICE DEPARTMENT, *et al*., | ) **ORDER** |
| | ) [Resolving ECF Nos. 2, 4] |
|     Defendants. | ) |

Pending before the Court is *pro se* Plaintiff Matt Houston Reid's Complaint (ECF No. 1) against Defendants Youngstown Police Department, Mahoning County, Ohio, Prosecutor Paul J. Gains, Michael J. Yacovone, and Detective Michael Lambert. For the reasons that follow, the case is dismissed.

**I. Background**

Plaintiff's Complaint does not set forth specific allegations of misconduct with respect to any Defendant. He generally alleges that his "civil rights were taken away" in connection with a criminal proceeding in Mahoning County.[1] ECF No. 1 at PageID #: 2. Plaintiff asserts that he was "unlawfully arrested," his car and phone were taken "without process," and state law enforcement officers did not properly conduct his lineup. *Id*. at PageID #: 3. Plaintiff seeks $300 million dollars in damages. *Id*.

---

[1] *See State of Ohio v. Matt Reid*, Case No. 2019-CR-511 (Mahoning Cty. Ct. of Comm. Pleas) (pending).

(4:19CV2792)

## II. Discussion

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Zalman v. Armstrong*, 802 F.2d 199, 201 (6th Cir. 1986). This rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Id*. at 205. "There are three requirements for proper invocation of *Younge*r abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)). Absent extraordinary circumstances, when a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed. *See Tindall v. Wayne Cty. Friend of Court,* 269 F.3d 533, 538 (6th Cir. 2001).

The three factors that support *Younger* abstention are present in this case. There is a pending state criminal case against Plaintiff which implicates important state interests in law enforcement. Plaintiff has not set forth allegations plausibly suggesting he lacks an adequate opportunity to raise any constitutional concerns he has in the context of the state criminal case. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S.1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that

2

(4:19CV2792)

state procedures will afford an adequate remedy."). Furthermore, Plaintiff has not established that any exception to the *Younger* abstention doctrine is warranted in this case.

### III. Conclusion

Plaintiff's action is dismissed for lack of subject-matter jurisdiction. Plaintiff's motions to proceed *in forma pauperis* (ECF Nos. 2, 4) are denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   April 10, 2020       */s/ Benita Y. Pearson*   
Date                                                        Benita Y. Pearson
                                                             United States District Judge